UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                                    Chapter 11

Jaklin Mecanik,                                           Case No. 819-71559-A736

        Debtor.

--------------------------------------------------------X

## DEBTOR'S PLAN OF REORGANIZATION

      Jaklin Mecanik, Debtor and Debtor-In-Possession ("Debtor" or "Mecanik"), proposes the following plan of reorganization ("Plan") pursuant to Chapter 11 of Title 11 of the United States Code, 11 U.S.C. Section 1121(a) (the "Bankruptcy Code").

### ARTICLE I

### Definitions

      For purposes of this Plan, the following terms shall have the respective meanings as hereinafter set forth (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires). Capitalized terms used in this Plan shall at all times refer to the terms as defined in this Article I.

1.01.      "Administrative Claim" means a claim for any cost or expense of administration of the Chapter 11 Case allowed under Section 503(b) of the Bankruptcy Code including, without limitation, (i) any actual and necessary costs and expenses of preserving the Debtor's estate and of operating the Debtor's business; and (ii) all allowances of compensation for legal or other professional services or reimbursement of costs and expenses to the extent allowed by the Court under Sections 330, 331, 503 or 506(c) of the Bankruptcy Code or otherwise allowed by the Court.

1.02.        "Allowed Administrative Claim" means all or that portion of any Administrative Claim which is an Allowed Claim.

1.03.        "Allowed Claim" means a Claim or portion of a Claim (i) which is scheduled by the Debtor pursuant to Sections 521(1) of the Bankruptcy Code, other than a Claim which is scheduled by the Debtor as disputed, contingent or unliquidated; or (ii) proof of which has been filed pursuant to Section 501(a) of the Bankruptcy Code on or before the date designated by the Court as the last date for filing proofs of claim and with respect to which no objection to the allowance thereof has been interposed prior to the final date for filing such objections set forth in an order of the Court; or (iii) which, after objection thereto, has been allowed, in whole or in part, by a Final Order; or (iv) a Claim which has been granted pursuant to a Final Order.

1.04.        "Allowed Priority Claim" means all or that portion of an Allowed Claim entitled to priority under Section 507(a)(3), (4), (6), (7) or (8) of the Bankruptcy Code.

1.05.        "Allowed Secured Claim" means all or that portion of any Allowed Claim that is secured by a valid perfected lien on property of the Debtor to the extent of the value of the interest of the holder of such Allowed Secured Claim or by the Court by a Final Order pursuant to Section 506(a) of the Bankruptcy Code, together with such interest including, where applicable, accrued on or after March 4, 2019, fees, costs and charges as may be allowed by such agreement or by the Court under Section 506(b) of the Bankruptcy Code. Allowed Secured Claims shall, inter alia, include Claims granted secured status pursuant to a specific order or orders of the Court.

1.06.        "Allowed Tax Claim" means all or that portion of an Allowed Claim entitled to priority under Section 507(a)(8) of the Bankruptcy Code. Except as may be ordered

by the Court in the case of an Allowed Tax Claim, any interest accrued after March 4, 2019, on Allowed Tax Claims shall not be part of any Allowed Tax Claim.

1.07.  "Allowed Unsecured Claim" means any Allowed Claim that is not an Allowed Priority Tax Claim and Allowed Secured Claim. Interest accrued after March 4, 2019 shall not be part of any Allowed Unsecured Claim.

1.08.  "Bankruptcy Code" means Title 11 of the United States Code, Bankruptcy Reform Act of 1978, (11 U.S.C. Sections 101, et. seq.) as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. No. 98-353) and the Bankruptcy Reform Act of 1994, the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 and the Small Business Reorganization Act of 2019.

1.09.  "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure which govern procedure in cases under Title 11 of the United States Code, i.e., the Bankruptcy Code.

1.10.  "Business Day" means any day other than a Saturday, Sunday or legal holiday as such term is defined in Bankruptcy Rule 9006.

1.11.  "Chapter 11" means Chapter 11 of the Bankruptcy Code.

1.12.  "Chapter 11 Case" means In re: Jaklin Mecanik, Case No. 819-71559-A736 currently pending in the Court.

1.13.  "Claim" means a claim against the Debtor as defined in Section 101(5) of the Bankruptcy Code; to wit, the (a) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) right to an equitable remedy for breach of performance if such breach gives rise to a right

3

to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.14.      "Claimant" means the holder of a Claim.

1.15      "Class" means a class of holders of Allowed Claims described in Article II of the Plan.

1.16.      "Confirmation" means entry of an order by the Court approving the Plan in accordance with Chapter 11.

1.17      "Confirmation Date" means the date upon which the Court enters an order confirming the Plan in accordance with Chapter 11.

1.18      "Confirmation Order" means the order entered by the Court confirming the Plan in accordance with Chapter 11.

1.19      "Mecanik" means Jaklin Mecanik.

1.20.      "Court" means the United States Bankruptcy Court for the Eastern District of New York, or such other court as may have jurisdiction over the Debtor's Chapter 11 case.

1.21.      "Debtor" means Jaklin Mecanik, who filed a voluntary petition under Chapter 13 of the Bankruptcy Code and then converted to Chapter 11.

1.22.      "Disallowed Claim" means any Claim or portion thereof that has been disallowed by the Court by a Final Order.

1.23.      "Disclosure Statement" means the document which is filed by the Debtor with the Court in connection with this Plan, and which is approved by a Final Order pursuant to Section 1125 of the Bankruptcy Code as containing adequate information to enable Claimants to make an informed decision in voting on the Plan.

1.24.  "Disputed Claim" means (i) any Claim or portion of a Claim (other than an Allowed Claim) which is scheduled by the Debtor as disputed, contingent or unliquidated; or (ii) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code as unliquidated or contingent; or (iii) a Claim which has been filed pursuant to Section 501(a) of the Bankruptcy Code and as to which an objection to the allowance thereof has been interposed within the time limitation fixed by the Bankruptcy Code, by an order of the Court, or by this Plan, which objection has not been determined, in whole or in part, by a Final Order.

1.25.  "Effective Date" means the Business Day selected by the Debtor that is not less than ten (10) Business Days after the entry of the Confirmation Order.

1.26.  "Entity" is defined at Section 101(15) of the Bankruptcy Code.

1.27.  "Final Order" means an order or judgment of the Court as entered on the docket that (a) is not stayed, (b) has not been reversed, modified or amended, and (c) as to which the time to appeal, petition for certiorari, or seek reargument, review, reconsideration, rehearing or leave to appeal (excluding the time to move for relief from a final order or judgment under Rule 60(b) of the Federal Rules of Civil Procedure and the time to request revocation of an order of confirmation under Section 1144 of the Bankruptcy Code) has expired and as to which no appeal, petition for certiorari or other proceeding for reargument, review, reconsideration, rehearing or leave to appeal (including a motion for relief from a final order or judgment under said Rule 60(b) or a request for revocation of an order of confirmation under said Section 1144) or as to which any right to appeal, petition for certiorari or seek reargument, review, reconsideration, rehearing or leave to appeal

has been waived in writing, or, if any appeal, petition for certiorari, or other proceeding for reargument, review, reconsideration, rehearing or leave to appeal has been sought, the order or judgment of the Court has been affirmed by the highest court to which the order or judgment was appealed or from which the reargument or rehearing was sought, or certiorari has been denied, and the time to take any further appeal, petition for certiorari or seek further reargument, review, reconsideration, rehearing or leave to appeal (excluding the time to move for relief from a final order or judgment under said Rule 60(b) and the time to request revocation of an order of confirmation under said Section 1144) has expired.

1.28.    "First Anniversary Date" means the date which is one (1) year following the Effective Date, or the next Business Day.

1.29.    "Person" is defined at Section 101(41) of the Bankruptcy Code.

1.30.    "Plan" means this Plan of Reorganization, as modified or amended as and to the extent permitted herein or by the Bankruptcy Code.

1.31.    "Avoidance Actions" means causes of action against Persons relating to any payment, conveyance or other transfer of property of the Debtor to any Person that may be avoidable pursuant to Sections 544, 547, 548, 549 and 550 of the Bankruptcy Code.

1.32.    "Professional Person" is defined at Section 327(a) of the Bankruptcy Code.

1.33.    "Record Date" means the close of business on the Confirmation Date.

1.34.    "Reorganized Mecanik" shall mean the Debtor on and after the Effective Date and shall include all of the assets of the Debtor.

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

#### Classes

2.01.1    Class 1 shall consist of:

The Secured Claim of U.S. Bank Trust National Association, as Trustee of the Bungalow Series IV Trust ("U.S. Bank").

2.01.2    Class 2 shall consist of:

The Allowed General Unsecured Claims which are impaired and consists of Allowed Unsecured Claims and claims arising from the rejection of executory contracts and unexpired leases.

## ARTICLE III

### IDENTIFICATION OF CLASSES OF CLAIMANTS
### IMPAIRED OR UNIMPAIRED UNDER THE PLAN

3.01.    Allowed Secured Claim (Class 1) and Allowed General Unsecured Claims (Class 2) are impaired by the Plan.

3.02.    In the event of a controversy as to whether any Claimant or Class of Claimants are impaired under the Plan, the Court shall, after notice and a hearing, determine such controversy.

3.03.    The Debtor shall provide all Claimants entitled to vote with a form of ballot approved by the Court to be used in casting a vote on the Plan. The ballot shall designate the Class in which the Debtor believes a particular Claim belongs.

3.04.    The Allowed Priority Claim of the New York State Department of Taxation & Finance shall be satisfied in eighty-four (84) equal monthly payments, plus statutory interest, commencing on the Effective Date.

7

## ARTICLE IV

### PROVISIONS FOR TREATMENT
### OF CLAIMS IMPAIRED UNDER THE PLAN

4.01        Allowed Secured Claim (Class 1)

Class 1 consists of the Secured Claim of U.S. Bank in the sum of $1,784.667.42, plus interest from May 7, 2021 and it will be satisfied by the payment of $1,200,000.00 on the Effective Date from the proceeds of the sale of the Debtor's Residence.

4.02        Allowed General Unsecured Claims (Class 2)

Class 2 consists of six (6) General Unsecured Claims which are impaired and claims arising from the rejecting of executory contracts and unexpired leases. There are six (6) claims asserted in the aggregate of $205,366.15, which shall be satisfied by the payment of $15,000.00 in the aggregate to the allowed Claimants in sixty (60) equal monthly payments commencing on the Effective Date.

## ARTICLE V

### ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF
### REJECTION BY ONE OR MORE CLASSES OF CLAIMS

5.01.        Each impaired Class of Claims shall be entitled to vote to accept or reject the Plan.

5.02.        A Class of Claims shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the Allowed Claims of such Class that have accepted or rejected the Plan.

5.03.        In the event that any impaired Class with Claims against the Debtor's estate shall fail to accept the Plan in accordance with Section 1129(a) of the Bankruptcy

8

Code, the Debtor will request that the Court confirm the Plan in accordance with Section 1129(b) of the Bankruptcy Code.

## ARTICLE VI

## PROVISIONS CONCERNING DISTRIBUTION

6.01.    Time of Distributions Under the Plan

Payments and distributions to be made by the Debtor on the Effective Date pursuant to the Plan shall be made on such date, or as soon as practicable, except as otherwise provided for in the Plan or as may be ordered by the Court.

6.02.    Payment Dates

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day.

6.03.    Manner of Payments Under the Plan

Payments to be made by the Debtor pursuant to the Plan shall be made in cash, by check drawn on a domestic bank or by wire transfer from a domestic bank.

6.04.    Fractional Cents

Any other provision of the Plan to the contrary notwithstanding, no payments of fractions of cents will be made.  Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent (up or down).

6.05.    Unclaimed Distributions

Except as otherwise provided herein, in the event any Entity fails to claim any distribution or cash a distribution check within six (6) months from the date such

payment is distributed, such Entity shall forfeit all rights thereto, and to any and all future payments, and thereafter the Claim for which such cash was distributed shall be treated as a Disallowed Claim and the funds shall become the property of the Reorganized Mecanik.   In this regard, distributions to Claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Court or, if no proof of claim is filed, on the schedules filed by the Debtor, or to such other address as may be designated by a Claimant in accordance with Section 16.02 hereof.

6.06.    Disputed Payments or Distributions

In the event of any dispute between and among Claimants (including the Entity or Entities asserting the right to receive the disputed payment or distribution) as to the right of any Entity to receive or retain any payment or distribution to be made to such Entity under the Plan, the Debtor may, in lieu of making such payment or distribution to such Entity, make it instead into an interest bearing escrow account or to a disbursing agent, for payment or distribution as ordered by a court of competent jurisdiction or as the interested parties to such dispute may otherwise agree among themselves.

6.07.    Restrictions on Sale of Assets

Until all distributions shall have been made to holders of Allowed Claims in Classes 1 and 2 as provided for under the Plan, the Reorganized Mecanik undertakes and covenants that she shall not sell, assign or transfer assets (including cash) of the Reorganized Mecanik, except for the Residence, in bulk, out of the ordinary course of business, unless upon such a transaction the cash and deferred consideration

10

received or to be received shall exceed the then unpaid balance of any payments due and owing to the holders of Allowed Claims in Class 2 and on further condition that such payments shall be prepaid upon the closing of title to any such transaction to the extent of the cash consideration; the deferred consideration, to the extent necessary, shall be made payable to a separate interest bearing account for the benefit of holders of Allowed Claims in Class 2.

## ARTICLE VII

## PROVISIONS CONCERNING DISCHARGE AND PROPERTY

7.01.    Discharge of All Claims

Except as otherwise provided in the Plan, the rights afforded in the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims of any nature whatsoever, including any interest accrued thereon from and after March 4, 2019, against the Debtor or the Debtor-In-Possession or any of his assets or properties. Except as otherwise provided herein, after all required payments are made to claimants in Classes 1 and 2, and under Section 1141(d)(5), all such Claims against the Debtor or Debtor-In-Possession shall be satisfied, discharged and released in full; and all Claimants shall be precluded from asserting against the Reorganized Mecanik or her assets or properties, any other or further claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date. No discharge will be effective until all allowed claimants are paid the sums due them under this Plan.

7.02.      <u>Vesting of Property in the Debtor</u>.

Except as otherwise provided by the Plan, on the Effective Date, title to all assets dealt with by the Plan shall pass to the Reorganized Mecanik free and clear of all liens, claims and interests in accordance with Section 1141 of the Bankruptcy Code.

## **ARTICLE VIII**

## **RELEASES AND TERMINATION**

8.01.      <u>Releases</u>.

Upon payment of allowed claims in full, all Claims based upon guarantees of collection, payment or performance, indemnity bonds or obligations, performance bonds, contingent liabilities arising out of the assignment of leases or contract obligations, or other similar undertakings made or given by the Debtor prior to the Confirmation Date shall be discharged, released and of no further force and effect.

8.02.      <u>Certain Terminations</u>.

On the Effective Date, all instruments evidencing indebtedness of the Debtor discharged by the Plan shall be deemed canceled, unless this Plan provides for the retention of liens.

8.03.      <u>Rights if Plan not Confirmed</u>.

If Confirmation of the Plan does not occur as contemplated herein, the Plan shall be deemed null and void, and in such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Entity or to prejudice in any manner the rights of the Debtor or any Entity in any further proceedings involving the Debtor.

## ARTICLE IX

### REJECTION AND ASSUMPTION OF EXECUTORY CONTRACTS

9.01.    Except as otherwise provided herein, any pre-petition executory contract or unexpired lease of the Debtor not expressly rejected by the Debtor, or which is not the subject of a pending application to reject on the Confirmation Date, shall be deemed assumed on the Effective Date. The Debtor does not intend to assume any executory contracts.

9.02.    Any Entity whose Claim arises from rejection of an executory contract or unexpired lease shall, to the extent such Claim becomes an Allowed Claim, have the rights of a Class 2 Claimant with respect thereto.

9.03.    Any Entity who has a claim against the Debtor by virtue of the Debtor's rejection of its contract or lease may file a proof of claim with the Clerk of the Court and serve a copy of same upon the Debtor and Debtor's counsel, in accordance with the notice provisions of Section 15.04 hereof, within thirty (30) days following service upon such Entity of notice of entry of the Confirmation Order or order authorizing such rejection, whichever is later. If such Claim shall not be filed within the specified time, it shall be forever barred from assertion against the Debtor or its assets and property.

9.04.    Any claim filed in accordance with the provisions of Section 9.03 hereof shall be treated as a Disputed Class 2 Claim until the period of time has elapsed within which the Debtor may file an objection to such Claim.

## ARTICLE X

### MEANS FOR EXECUTION OF THE PLAN
### AND CONDITIONS TO CONFIRMATION

10.01.      The Plan is to be implemented in a manner consistent with Section 1123 of the

Bankruptcy Code.

10.02      The monies needed to pay the holders of Allowed Claims shall be generated from

the sale of the Debtor's Residence, the income earned by the Debtor and the funds

owed to the Debtor by her ex-husband under the divorce settlement.

## ARTICLE XI

### PROCEDURES FOR RESOLVING DISPUTED CLAIMS

11.01.      Objections to Claims

Objections to Claims shall be filed by the Debtor with the Court and served upon

each holder of each of the Claims to which objections are made, no later than

ninety (90) days subsequent to the Effective Date or within such other time period

as may be fixed by the Court.

11.02.      Resolution of Disputed Claims

Unless otherwise ordered by the Court, the Debtor shall litigate to judgment, settle

or withdraw objections to Disputed Claims, in their sole discretion.

11.03.      Payments

Payments and distributions to each holder of a Disputed Claim that ultimately

becomes an Allowed Claim shall be made in accordance with the provisions of

the Plan with respect to the Class of Creditors to which the respective holder of an

Allowed Claim belongs unless otherwise ordered by the Court.  Such payments

and distributions shall be made as soon as practicable after the date that the Court

14

entered a Final Order allowing such Claim. Payments made in accordance with this Article shall not include the interest on the amount of such payment from the date on which the holder of the Allowed Claim would have been entitled to receive payment if its Claim had not been a Disputed Claim. Payments shall be made as and when a Disputed Claim has become, in whole or in part, an Allowed Claim or a Disallowed Claim, pursuant to a Final Order or agreement between the Debtor and such Claimant. In the event a claim is disputed as of the Effective Date, the Debtor shall reserve the full amount of the distribution to that Claimant as if the Claim was allowed in full.

11.04.     Section 1146 Exemption

Pursuant to section 1146(a) of the Bankruptcy Code, under this Plan, (i) the issuance, distribution, transfer or exchange of any debt, equity security or other interest in the Debtor; (ii) the creation, modification, consolidation or recording of any mortgage, deed of trust, or other security interest, or the securing of additional indebtedness by such or other means; (iii) the making, delivery or recording of any deed or other instrument of transfer under, in furtherance of or in connection with, this Plan, including any deeds, bills of sale, assignments or other instrument of transfer executed in connection with any transaction arising out of, contemplated by or in any way related to this Plan or the Sale shall not be subject to any transfer tax, document recording tax, mortgage recording tax, stamp tax or similar government assessment, and the appropriate state or local government official or agent shall forego the collection of any such tax or government assessment and accept for filing and recording any of the foregoing instruments or

other documents without the payment of any such tax or government assessment, including without limitation the New York State Real Property Transfer Tax and New York State Documentary Tax and mortgage recording tax. All subsequent transfers or delivery of any instrument by the Debtor and/or Sharok Jacobi, as applicable, in the Chapter 11 Case shall be deemed to be or have been done in furtherance of this Plan.

## **ARTICLE XII**

### **RETENTION OF JURISDICTION**

12.01. <u>Retention of Jurisdiction</u>

The Court shall retain jurisdiction of these proceedings following the Confirmation Date for the following purposes:

12.01.1    to hear and determine any objections to the allowance of Claims;

12.01.2    to determine any and all applications for compensation for Professional Persons and similar fees;

12.01.3    to determine any and all pending applications for the rejection or assumption of executory contracts or for the assignment of an assumed contract, as the case may be, of executory contracts to which the Debtor is a party or with respect to which they may be liable, and to hear and determine, and if need be, to liquidate, any and all Claims arising therefrom;

12.01.4    to determine any and all applications, adversary proceedings, and contested or litigated matters properly before the Court and pending on the Confirmation Date;

12.01.5     to modify the Plan pursuant to Section 1127 of the Bankruptcy Code or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order to the extent authorized by the Bankruptcy Code;

12.01.6     to hear and determine all controversies, suits and disputes, if any, including Avoidance Actions, as may arise in connection with the interpretation or enforcement or implementation of the Plan;

12.01.7     to hear and determine all controversies, suits and disputes, if any, as may arise with regard to orders of this Court in the Chapter 11 Case entered on or before the Confirmation Date;

12.01.8     to liquidate damages in connection with any disputed, contingent or unliquidated Claims;

12.01.9     to adjudicate all Claims to a security or ownership interest in any property of the Debtor or in any proceeds thereof;

12.01.10     to adjudicate all Claims or controversies arising out of any purchases, sales or contracts made or undertaken by the Debtor during the pendency of the Chapter 11 Case;

12.01.11     to recover all assets and properties of the Debtor wherever located, including the prosecution and adjudication of all causes of action available to the Debtor as of the Confirmation Date;

12.01.12     to determine all questions and disputes regarding recovery of and entitlement to the Debtor's assets and determine all Claims and disputes between the Debtor and any other Entity, whether or not subject to an action pending as of the Confirmation Date;

12.01.13    to enter any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary or appropriate;

12.01.14    to enter an order of consummation concluding and terminating the Chapter 11 Case; and

12.01.15    to make such orders as shall be necessary or appropriate to carry out the provisions of the Plan, including, but not limited to, orders interpreting, clarifying or enforcing the provisions thereof.

## ARTICLE XIII

### EVENT OF DEFAULT

13.01.    The occurrence of any of the following shall constitute a default by the Debtor under the Plan:

13.01.1    the failure of the Debtor to make any payment when due under the Plan, which failure shall have been uncured for a period of sixty (60) days after the Debtor's receipt of written notice thereof unless such payment has been extended in accordance with the provisions of the Plan; and

13.01.2    the failure of the Debtor to comply with any of the covenants contained in the Plan, except for default in payment as provided in paragraph 13.01.1 of this Article, which failure shall remain uncured for a period of sixty (60) days after the Debtor has received written notice of such failure.

13.01.3     Upon the occurrence of a default, any Claimant may declare all amounts due to it under the Plan to be immediately due and payable and may exercise any and all rights under applicable law.

## ARTICLE XIV

## GENERAL PROVISIONS

14.01.      Modification of the Plan

The Debtor reserves the right in accordance with Section 1127 of the Bankruptcy Code, to amend or modify the Plan before or after the Confirmation Date.

14.02.      Administrative Claims Bar Date.

Unless otherwise ordered by the Court, the Confirmation Order shall operate to set a bar date for Administrative Claims, except for Claims by professionals, including attorneys and accountants, which bar date shall be the first Business Day that is at least twenty (20) days after the Confirmation Date (the "Administrative Claims Bar Date"). The Notice of Confirmation to be delivered pursuant to Bankruptcy Rules 2002 and 3020(c) will set forth such date and constitute notice of the Administrative Claims Bar Date. The Reorganized Mecanik will have thirty (30) days after the Administrative Claims Bar Date to review and object to such Administrative Claims, unless extended by the Court.

14.03.      Ratification of Action Taken During Pendency of the Chapter 11 Case

The Confirmation Order shall ratify all transactions effected by the Debtor during the period commencing on the Petition Date and ending on the Confirmation Date.

14.04.    Notices

All notices, requests, elections or demands in connection with the Plan, including any change of address of any Claimant for the purposes of receiving distribution under the Plan and forfeiting same pursuant to Section 7.05 hereof, shall be in writing and shall be deemed to have been given when received or, if mailed, five days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested, and (a) if sent to the Debtor, addressed to:

> Jaklin Mecanik
> 57 Steamboat Road
> Great Neck, New York  11024

with copy to Debtor's counsel:

> Weinberg, Gross & Pergament LLP
> 400 Garden City Plaza, Suite 403
> Garden City, New York 11530
> Attn:  Marc A. Pergament, Esq.

All notices and requests to Claimants of any Class shall be sent to them at their last known address.  The Debtor, and any Claimant of any Class, may designate in writing any other address for purposes of this Section 14.04, which designation shall be effective upon receipt.

14.05.    Headings

The headings used in the Plan are inserted for convenience only and neither constitute a portion of the Plan nor in any manner affect the provisions of the Plan.

14.06.    Governing Law

Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of New York.

14.07.    Successors and Assigns

The rights and obligations of any Entity named or referred to in the Plan shall be binding upon and shall inure to the benefit of, the successors and assigns of such Entity.

14.08.    Reservation of Rights

Nothing contained herein shall prohibit the Debtor or a Claimant from prosecuting or defending any of his rights as may exist on his own behalf.

14.09.    Disbursing Agent

The Debtor is the disbursing agent under the Plan.  All payments to claimants in Class 2 shall be made by the Debtor from a separate disbursement account.

14.10    Exculpation.  Following the Effective Date, neither the Debtor, the Reorganized Mecanik and any of her agents, nor any professional persons employed by any of them, shall have or incur any liability or obligation to any Entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, solicitation, dissemination, implementation, confirmation or consummation of the Plan, the Disclosure Statement or any contract, release or other agreement or document created or entered into, or any other action taken or omitted to be taken, in connection with the Plan or the Chapter 11 Case; provided, however, that the provisions of this sentence shall have no effect on the liability of any Entity that

21

would otherwise result from an action or omission to the extent that such action or omission is determined in a Final Order to have constituted gross negligence or willful misconduct and for obligations provided under the Plan.

14.11.    Discharge Injunction. The Confirmation Order shall provide that all Entities which have held, hold or may hold Claims that are discharged pursuant to the terms of the Plan shall be thereby permanently stayed, restrained and enjoined on and after all payments are made to claimants in Classes 1 and 2 from taking any of the following actions on account of such discharged Claims, other than actions brought to enforce any rights or obligations under the Plan: (i) commencing, conducting or continuing in any manner any action or proceeding of any kind (including any thereof in a judicial, arbitral, administrative or other forum) against the Reorganized Mecanik, any of their property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the Debtor or the Reorganized Mecanik or any property of any such transferee or successor, (ii) enforcing, levying, attaching (including pre-judgment attachment), collecting or otherwise recovering, by any manner or means, any judgment, award, decree or order against any of the Reorganized Mecanik, any of her property, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the Debtor or the Reorganized Mecanik, or any property of any such transferee or successor, (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any Lien against any of the Reorganized Mecanik, any of her property, or any direct or indirect transferee of any property of, or successor in interest to, any of the Debtor or the Reorganized Mecanik, (iv) asserting any setoff, right of subrogation or

22

recoupment of any kind, directly or indirectly, against any of the Reorganized Mecanik, or any direct or indirect transferee of any property of, or successor in interest to, any of the Debtor or the Reorganized Mecanik or (v) acting or proceeding in any manner that does not conform to or comply with the provisions of the Plan and the Confirmation Order.

Dated: Great Neck, New York
      November 8, 2021

                           Jaklin Mecanik

Dated: Garden City, New York
      November 8, 2021

                           Weinberg, Gross & Pergament LLP
                           Attorneys for Debtor and Debtor-in-Possession

By: _____
                           Marc A. Pergament
                           400 Garden City Plaza, Suite 403
                           Garden City, New York  11530
                           (516) 877-2424

23